# SUPERIOR COURT
## of the
## STATE OF DELAWARE

Jeffrey J Clark
Judge

Kent County Courthouse
38 The Green
Dover, DE 19901
Telephone (302)735-2111

April 24, 2017

Gregory R. Babowal, DAG
Department of Justice
102 W. Water Street
Dover, DE 19901

Anthony J. W. Capone, Esq.
Office of The Public Defender
45 The Green
Dover, DE 19901

RE:   *State v. Kelly L. Patrick*
      *ID No. 1608021083*

Submitted:  April 12, 2017
Decided:  April 24, 2017

Counsel:

Defendant Kelly L. Patrick (hereinafter "Ms. Patrick") was arrested for Drug Dealing, three separate weapon offenses, and misdemeanor Possession of Drug Paraphernalia.  Ms. Patrick argues that drug and weapons evidence seized from a search of an automobile on August 28, 2016 should be suppressed because the Dover Police effected a *Terry* stop without reasonable, articulable suspicion to justify the detention.  Specifically, she argues that (1) under the circumstances of this case, a seizure took place at the time of first contact between the police and her; and (2) that under the totality of the circumstances, the limited seizure was not justified at that point.  The State counters that there were sufficient facts available and known to the

officers to justify the detention. Furthermore, the State argues that since Ms. Patrick had two outstanding capiases for missed Court appearances at the time of her arrest, the inevitable discovery doctrine makes harmless any allegedly premature seizure.

**EVIDENCE PRESENTED AT THE SUPPRESSION HEARING**

All evidence relevant to this decision was presented on April 12, 2017, at a suppression hearing by the State's sole witness, Dover Police Officer Barrett. Officer Barrett testified that while working in the area of 38 North Governor's Avenue in Dover on August 28, 2016, his attention was directed toward Ms. Patrick and her car. According to Officer Barrett, the area at issue was a high crime, open air drug market. He testified that Probation Officer Porter, who himself was in a separate vehicle, first saw Ms. Patrick's car in an alley. He then saw a male approach Ms. Patrick's car and then leave it quickly by cutting through an adjacent yard. Thereafter, when passing by, Officer Porter saw Ms. Patrick, in the car's driver's seat, duck down in an apparent effort to avoid being seen. At that point, Officer Porter contacted Officers Barrett and Cunningham from the Dover Police Department.

Officer Barrett testified that when he arrived, the hood of the vehicle was raised, and it was parked in a position blocking a garage in an alley way in front of "no parking" signs. At that point, the marked police car and an unmarked police car pulled into the alley. It is at that point that Ms. Patrick alleges a *Terry* stop occurred, although there was no evidence that the marked patrol car's emergency equipment was activated. Next, Officer Barrett approached a man who was working on the vehicle, with the hood up, while Ms. Patrick remained in the driver's seat. The man indicated to Officer Barrett that he was a mechanic, who worked on houses. The man appeared nervous and was attempting to turn a phillips head screw in the vehicle with a pair of pliers.

2

The only other facts relevant to this decision include that upon questioning and an identification check, Officer Cunningham learned that Ms. Patrick had two outstanding capiases. Also, in plain view on one of the seats in the vehicle were a digital scale, loose money, and numerous plastic baggies.

## APPLICABLE STANDARDS

In a motion to suppress based on a warrantless search and seizure, the burden is on the State to justify that the search and seizure comply with the rights guaranteed by the United States Constitution, the Delaware Constitution, and Delaware statutory law.[1] At a suppression hearing, the presiding judge sits as the trier of fact and evaluates witness credibility.[2] Strict rules of evidence do not apply in a suppression hearing. In evaluating either reasonable, articulable suspicion, or probable cause, hearsay is admissible.[3]

It is well settled that the benchmark, in Delaware, for determining whether there has been a seizure is more inclusive than that required by the United States Constitution alone. Namely, pursuant to Article 1, Section 6 of the Delaware Constitution, the standard is whether a reasonable person in a defendant's position would have believed that he or she was free to ignore the officer's instructions and walk away.[4] An initial contact with police, based on the surrounding circumstances, can potentially amount to a detention.[5] At the point of the detention, in determining the legality of a *Terry* stop, the Court must determine whether the totality of the circumstances provide a reasonable, articulable suspicion that Ms. Patrick was engaged in criminal activity.[6]

---

[1] *Hunter v. State*, 783 A.2d 558, 560 (Del. 2001).
[2] *Turner v. State*, 957 A.2d 565, 570-71 (Del. 2008).
[3] *State v. Holmes*, 2015 WL 5168374, at *8 (Del. Super. Ct. Sept. 3, 2015) (citations omitted).
[4] *Jones v. State*, 745 A.2d 856, 867 (Del. 1999).
[5] *State v. Irons*, 2001 WL 1729106, at *3 (Del. Super. Ct. Nov. 27, 2001).
[6] *Jones*, 745 A.2d at 868.

**DISCUSSION**

The key issue in this case is whether at the time the two police vehicles turned into the alley and then stopped, the officers had facts available to them that provided reasonable, articulable suspicion that criminal activity was afoot. The Court finds that the facts presented at the suppression hearing through the first hand observations of Officer Barrett established that the area at issue was a high crime area, and the parked vehicle occupied by Ms. Patrick blocked a garage door, and sat directly in front of "no parking" signs.

Furthermore, through testimony referencing hearsay, another officer had observed an individual make a short stop at the car before quickly leaving, by cutting through a neighboring yard. In the testifying officer's training and experience, he believed such action to be consistent with a drug sale. Furthermore, through testimony constituting hearsay, the driver of the vehicle, Ms. Patrick, (before the involvement of Officer Barrett) was seen ducking to avoid detection. These facts combined, when evaluated under the totality of the circumstances, provided more than a mere hunch that drug activity and illegal parking or trespassing was occurring. They provided a reasonable, articulable suspicion of criminal activity.[7]

---

[7] Here, Ms. Patrick alleges that a *Terry* stop occurred at the instant the two police cars (one marked and one un-marked) pulled into the alley and stopped in front of her car. Her argument relies on the fact that Ms. Patrick had backed her car into the alley and was no longer free to leave. Accordingly, she argues that at that point she could not reasonably feel free to ignore the officers' instructions. The evidence in this case established that she had placed herself into a position of limited egress. The Delaware Supreme Court decision in *Hall v. State*, 981 A.2d 1106, 1111 (Del. 2009) addressed a similar issue and found a seizure after a police detective blocked in the Defendant's car, approached the car, and then ordered the Defendant to place his hands where the Detective could observe them. That case seems distinguishable on its facts. However, the Court need not resolve the issue of whether the seizure occurred at that instant Ms. Patrick alleges the stop occurred or when the officers requested the Defendant and the male working on the vehicle to produce their identification. In this case, at the earliest point in time, there was reasonable articulable suspicion for the officers to reasonably suspect that Ms. Patrick was engaged in criminal activity, including drug activity, illegal

Ms. Patrick argues that the State's extensive reliance on hearsay through Officer Barrett's testimony prevented the State from meeting its burden to support the detention in this case. In support of that argument, she cites *State v. Hopkins*[8] for its premise that the State's burden to support a warrantless search or seizure cannot be met if based solely upon hearsay.[9] *Hopkins*, however, is distinguishable from the case at hand. Here, she is correct that much of the State's evidence was hearsay evidence attributed to Officer Porter who did not testify. Officer Barrett, however, testified regarding corroborating facts including the high crime, open-air drug market nature of the area at issue, and also his direct observation of "no parking" signs in the alley near the vehicle where the vehicle blocked a garage. This testimony, including first hand knowledge, is sufficient corroborating information leading the Court to find that the more minimal standard for an initial detention based on reasonable, articulable suspicion (as opposed to the issue of consent or probable cause discussed in *Hopkins*),was met.

Finally, independent of the valid stop in this case, Ms. Patrick had two separate capiases for missed court appearances. The police were not only justified in an initial detention, but were in fact justified in arresting Ms. Patrick independently of any other factor.[10] Nevertheless, the impact of her wanted status would warrant further discussion and analysis because the officers did not learn her identity until afer requesting her identification. Also relevant to such analysis would be the fact that a digital scale, plastic bags, and cash were located on the front seat of her vehicle in plain view. Since it is unnecessary for the Court's decision, the Court declines to further

parking and trespassing.

[8] 2016 WL 6958697 (Del. Super. Ct. Nov. 23, 2016.)

[9] *Id.* at * 2.

[10] *See* 10 *Del. C.* § 3106 (providing that "a writ of capias ad respondendum is served by arresting the defendant . . . ").

address the issue of whether an arrest warrant or a capias would prevent the taint of improperly seized evidence based on allegedly wrongful initial contact by the police.[11] Furthermore, the Court declines to address the State's argument regarding the inevitable discovery doctrine or whether a search incident to an arrest would cure any such wrongful initial contact.

## CONCLUSION

For these reasons, Defendant Patrick's motion to suppress is DENIED.

**IT IS SO ORDERED.**


/s/Jeffrey J Clark
Judge

---

[11] *See State v. Severin*, 1982 WL 593131, at *1 (Del. Super. Ct. Mar. 23, 1982) (holding that where the police initially seized a person without reasonable, articulable suspicion, but later discovered the person had an outstanding capias, the initial, unlawful, seizure did not justify exclusion of evidence found pursuant to a search incident to an arrest after discovery of the capias). *But see Moreuso v. Baca*, 431 F.3d 633, 641 (9th Cir. 2005) (holding that "police officers cannot retroactively justify a suspicionless search and arrest on the basis of an after fact discovery of an arrest warrant . . .").